UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Michael D Schwartz | § | Case No. 13-44047 |
| Aseneta Schwartz | § | |
| | § | |
| Debtors | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that STEVEN R. RADTKE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
        219 S. Dearborn Street
        Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objection upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee application(s) and any objection to the Final Report will be held at:

        10:30 a.m. on April 26, 2016
        in Courtroom 644, U.S. Courthouse
        219 South Dearborn Street, Chicago, IL 60604

If no objections are filed, upon entry of an order on the fee application(s), the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____     By: Jeffrey P. Allsteadt_____
                                                                           Clerk of the Court

*STEVEN R. RADTKE*
*79 WEST MONROE STREET*
*SUITE 1305*
*CHICAGO, IL 60603*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
§
§
Michael D Schwartz § Case No. 13-44047
Aseneta Schwartz §
§
§
Debtors §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 58,296.20 |
| and approved disbursements of | $ | 58,296.20* |
| leaving a balance on hand of | $ | 0.00 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Final Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ 6,164.81 | $ 6,164.81 | $ 0.00 |
| Total to be paid for chapter 7 administrative expenses | | $ | 0.00 |
| Remaining Balance | | $ | 0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

*The Trustee paid bank charges of $487.54 and allowed Trustee's fees in the amount of $6,164.81. The Trustee deposited $51,643.85 with the Clerk of the Circuit Court of Cook County, Illinois after a dispute arose between Debtors and their largest creditor as to who was entitled to receive the funds. See page 4.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 616,096.98 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Tressler Llp | $ 27,460.93 | $ 0.00 | $ 0.00 |
| 2 | American Education Services | $ 6,417.93 | $ 0.00 | $ 0.00 |
| 3 | American Express Centurion Bank | $ 13,650.12 | $ 0.00 | $ 0.00 |
| 4 | Barclays Capital Inc. | $ 568,568.00 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors        $         0.00

Remaining Balance        $         0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

On February 11, 2015 after taking into account bank charges, the Trustee was holding the sum of $57,808.66. On that date, the bankruptcy court entered a final order dismissing debtors' bankruptcy case pursuant to 11 U.S.C. 707(a). The court entered a separate order allowing Trustee compensation in the amount fo $6,164.81. The court ordered that the remaining balance of $51,643.85 was to be turned over the the Debtors.

Debtors' principal creditor, Barclays Capital, Inc., served a notice of attorney's lien under Illinois law on the Trustee before distribution of the $51,643.84 was made to the Debtors. Since the bankruptcy case had been dismissed, the bankruptcy court had no jurisdiction to adjudicate the attorney's lien claim.

Therefore, the Trustee prepared a complaint in interpleader and filed it in the Circuit Court of Cook County, Illinois in that case entitled, *Steven R. Radtke, Trustee of the Estate of Michael D. Schwartz and Aseneta Schwartz vs. Michael D. Schwartz, et al.*, 15 CH 05556. He asserted that two different parties were making a claim for the $51,643.85 that the Trustee was holding, thereby exposing the Trustee to multiple liability. On December 10, 2015, the state court entered an order authorizing the Trustee to deposit the $51,643.85 with the Clerk of the Circuit Court so that the state court could adjudicate the attorney's lien claim and determine who was entitled to the funds. The Trustee deposited the funds with the Clerk of the Circuit Court on December 10, 2015. The Trustee has been dismissed from the state court proceeding.

Prepared by: /s/ Steven R. Radtke

Steven R. Radtke, Trustee

STEVEN R. RADTKE
79 WEST MONROE STREET
SUITE 1305
CHICAGO, IL 60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.